IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| THOMAS EMIL SLIWINSKI, | CV-24-47-H-DWM |
| Plaintiff, | |
| vs. | ORDER |
| BRIAN GOOTKIN, AL MARSH, ZIA RANNA, and TEXTBEHIND LLC; | |
| Defendants. | |

Plaintiff Thomas Emil Sliwinski filed an Amended Complaint alleging violations of his constitutional rights. (Doc. 7.) The Amended Complaint was served on Defendants. (Doc. 8.) Defendants Brian Gootkin and Al Marsh have moved to dismiss, in part. (Doc. 10.) The motion is granted. Sliwinski has moved for service on Defendants TextBehind LLC and Zia Ranna. (Doc. 13.) The motion is granted, in part, and denied, in part.

I. BACKGROUND

Briefly stated, Sliwinski's claims arise from the mail handling procedures at Riverside Special Needs Unit, which is part of the Montana State Prison. (Doc. 7.) Mail other than legal mail is processed through a third-party vendor, who scans incoming mail, and then provides the mail to inmates electronically. Sliwinski claims various injuries flow from this procedure, including delayed important mail,

1

lost mail, and mail sent back to sender without explanation. Sliwinski alleges violations of his First and Fourteenth Amendment rights. (Doc. 7 at 9 – 10.)

Sliwinski seeks both injunctive relief and damages.

## II.  MOTION TO DISMISS

Defendants Gootkin and Marsh have moved to dismiss, in part, under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Doc. 10.) Defendants assert that Sliwinski has alleged facts to support only official capacity claims against Defendant Gootkin, and, thus, any individual capacity claims must be dismissed. As a result, Sliwinski cannot state a claim for money damages against Gootkin. (Doc. 11 at 3.)

Sliwinski responds that Gootkin, as director of Montana's Department of Correction, knew or should have known that the mail policy would violate Sliwinski's constitutional rights. (Docs. 12-1 at 1 -2.) Sliwinski construes the policy itself as evidence of Gootkin's personal involvement in the violation of Sliwinski's rights. (Doc. 12-1 at 2.) Sliwinski also argues that Gootkin is not entitled to qualified immunity, though that is not an argument Defendants made; Gootkin's immunity derives from the Eleventh Amendment. (Doc. 12-1 at 3 – 6.)

### A.  Standard

In considering a motion to dismiss for failure to state a claim, the court must accept the allegations of the complaint as true, *Hospital Bldg. Co. v. Rex Hospital*

*Trustees,* 425 U.S. 738, 740, (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen,* 395 U.S. 411, 421, *reh'g denied,* 396 U.S. 869 (1969). A plaintiff's complaint must allege sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Although the court must accept as true the plaintiff's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.,* 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations and footnotes omitted).

    B.    Analysis

Sliwinski has sued Gootkin in his official capacity as well as his individual capacity. (Doc 7 at 2.) Defendants assert, correctly, that the individual liability claim must be dismissed. Sliwinski alleges Gootkin has violated Sliwinski's constitutional rights because Gootkin is the Director of Montana's Department of Corrections. The "buck stops with him." (Doc. 12-1 at 2.) However, Section 1983

3

imposes individual liability upon state actors only when their personal conduct violates a plaintiff's constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978). "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). To impose liability under Section 1983 against a supervisor, a plaintiff must establish the supervisor's <u>prior</u> knowledge of unconstitutional conduct committed by subordinates that would give the supervisor notice of the need for changes. *Howell v. Earl*, 2014 WL 2594235 (D. Mont. 2014) (*citing Starr*, 652 F.3d at 1208; *Dougherty v. City of Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011)); *see also Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991).

Section 1983 will not impose liability on supervising officers under a respondeat superior theory of liability. *Monell*, 436 U.S. at 691-94. That is, a defendant cannot be held liable just because they supervise other employees, which is what Sliwinski seeks here. Instead, supervising officers can be held liable under Section 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights." *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987) *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). A supervisor may be liable: (1) for setting in motion a series of acts by others, or

4

knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a reckless or callous indifference to the rights of others. *Larez*, 946 F.2d at 646.

Allegations against supervisors that resemble "bald" and "conclusory" allegations will be dismissed. *Hydrick v. Hunter*, 669 F.3d 937 (9th Cir. 2012). Sliwinski must allege "sufficient facts to plausibly establish the defendant's 'knowledge of' and 'acquiescence in' the unconstitutional conduct of his subordinates." *Hydrick*, 669 F.3d at 942 (*citing Starr*, 652 F.3d at 1206–07). He fails to do so. The only allegation of personal involvement by Gootkin is the promulgation of the mail administration policy. Setting aside for a moment whether he was, in fact, personally involved in that, Sliwinski's allegation do not establish that any policy is, in itself, the cause of his alleged constitutional injuries. That is, he alleges various mistakes, oversight, delay, etc., regarding the handling of his mail. He does not allege that the policy caused the problems, rather than the individuals who are involved in carrying it out. Sliwinski fails to allege sufficient facts to show the personal involvement of Gootkin, and thus he must be dismissed. In addition, Sliwinski's damages request against Gootkin must be dismissed.

Official capacity suits against state employees are, in essence, suits against the State itself. The Eleventh Amendment bars damages actions against state officials in their official capacity. *Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007). Eleventh Amendment immunity is not waivable without explicit legislation or waiver; that has not occurred here. Sliwinski cannot obtain damages from Gootkin in his official capacity. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-268 (1997); *Mont. Dep't of Revenue v. Blixseth (In re Blixseth) (9th Cir. 2024), 112 F.4th 837*. Thus, dismissal of that aspect of Sliwinski's Complaint is legally required.

### III.  MOTION FOR SERVICE

All named Defendants were given the opportunity to waive service of the Amended Complaint. (Doc. 8.) Defendants TextBehind, LLC and Zia Ranna did not respond. Sliwinski now moves for an order directing the U.S. Marshals to serve the Amended Complaint on these defendants. Service will be ordered for Defendant TextBehind, LLC, but not for Defendant Ranna. At this point in the litigation, the Court does not appear to have personal jurisdiction over Defendant Ranna, and thus, will not order service of the Amended Complaint. The existence of personal jurisdiction over TextBehind is assumed, based on its commercial relationship with the State of Montana, but an order directing service is not the final word on the matter; TextBehind is free to argue facts that show a lack of such

jurisdiction as may be appropriate. Likewise, should Sliwinski learn and allege facts to show personal jurisdiction over Ranna, he may renew his motion for service.

The plaintiff bears the burden of establishing personal jurisdiction on a motion to dismiss a complaint for lack of personal jurisdiction, which, given the Court's screening obligation in this case, parallels Sliwinski's request for service. *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). In determining whether the exercise of personal jurisdiction over a nonresident defendant is proper, a district court must apply the law of the state in which it sits when there is no applicable federal statute governing the issue. *Panavision Int'l, L.P. v. Toeppen,* 141 F.3d 1316, 1320 (9th Cir.1998). Courts in Montana use a two-step test to determine whether a Montana court may exercise personal jurisdiction over a nonresident defendant. *Milky Whey, Inc. v. Dairy Partners, LLC*, 2015 MT 18, ¶ 18, 378 Mont. 75, 80, 342 P.3d 13, 17.

Personal jurisdiction may exist under Mont. R. Civ. P. 4(b)(1) if a party may be "found within the state of Montana" and subject to general jurisdiction. Mont. Code Ann. § 25-20-II. To be "found" within Montana for general jurisdiction purposes, a person must be either physically present, or "it is necessary that the defendants' activities [in Montana] are 'substantial' or 'systematic and

continuous.'" *Milky Whey, Inc. v. Dairy Partners, LLC*, 2015 MT 18, ¶ 19, 378 Mont. 75, 80–81, 342 P.3d 13, 17 (2015) (internal citations omitted.)

In the alternative, if the claim for relief arises from any of the acts listed in Mont. R. Civ. P. 4(b)(1)(A-G), it may support specific jurisdiction for the purpose of litigating that particular claim. These acts include transaction of business, commission of an act that results in accrual within Montana of a tort action, ownership of property in Montana, contract of insurance in Montana, or acting as an officer in a Montana corporation or a personal representative of a Montana estate.

If personal jurisdiction appears to exist, the Court must determine whether the exercise of personal jurisdiction conforms with "the traditional notions of fair play and substantial justice embodied in the due process clause" of the United States Constitution. *Milky Whey, Inc.*, 378 Mont. 75 at 80 (citations omitted.) The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts. *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291(1980).) The Due Process Clause requires that the defendant have "certain minimum contacts" with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v.*

*State of Washington,* 326 U.S. 310, 316 (1945) (citations and internal quotation marks omitted).

The Ninth Circuit Court of Appeals has held that a court may exercise specific personal jurisdiction over a nonresident defendant under the following circumstances:

> (1) the nonresident defendant purposefully directs his activities at the forum or performs some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the plaintiffs claim arises out of the forum-related activities of the nonresident defendant; and (3) the exercise of jurisdiction over the nonresident defendant is reasonable.

*Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir.2004). The plaintiff bears the burden of establishing the first two prongs of this test. *Id.* Failure to do so means no personal jurisdiction exists in the forum state. If the plaintiff satisfies the first two prongs, the burden shifts to the defendant to "present a compelling case" that jurisdiction would not be reasonable. *Id.*

In *Walden v. Fiore,* the U.S. Supreme Court emphasized a few aspects of this due process analysis. "First, the relationship must arise out of contacts that the "defendant *himself*" creates with the forum State." Plaintiff's convenience or interest is not sufficient. Second, "minimum contacts analysis" looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore,* 571 U.S. 277, 285 (2014).

Though the plaintiff bears the burden of establishing personal jurisdiction, he needs only to make a prima facie case of jurisdictional facts. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). He cannot "simply rest on the bare allegations of its complaint," but any uncontroverted allegations in the complaint must be taken as true. *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977); *AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

Sliwinski has alleged sufficient facts to state a prima facie case of personal jurisdiction over TextBehind, since it has entered into a contract with the State of Montana, apparently, and transacts business here. (Doc. 7 at 6.) However, Sliwinski has not alleged sufficient facts regarding Defendant Ranna. The only facts regarding Ranna are that he is the C.E.O. of TextBehind and responsible for TextBehind policy and practice. (Doc. 7 at 8 - 9.) Sliwinski alleges no facts that show any contact between Ranna and Montana, and certainly nothing of the type of "'substantial' or 'systematic and continuous'" contacts that would create personal jurisdiction. *Milky Whey, Inc. v. Dairy Partners, LLC*, 378 Mont. 75, 80–81.

Nor are there sufficient factual allegations to support the application of specific personal jurisdiction in this matter. Of the acts enumerated in Montana's Rule 4(b)(1), the only ones that could conceivably apply, based on the allegations

of Sliwinski's Amended Complaint, are "the transaction of any business within Montana," and "the commission of any act resulting in accrual within Montana of a tort action". Mont. R. Civ. P. 4(b)(1)(A) and (B). But Sliwinski's allegations do not support these provisions. He does not allege that Ranna himself engaged in business in Montana. Nor does he allege sufficient facts to show Ranna's commission of a tort in Montana. The Montana Supreme Court discussed the tort provision in *Tackett v. Duncan*, 334 P.3d 920 (Mont. 2014) and reviewed what it means for a cause of action to "accrue" in Montana. The Montana Supreme Court emphasized that "specific jurisdiction focuses on the relationship among the defendant, the forum, and the litigation, […], and depends on whether the defendant's "suit-related conduct" created a substantial connection with the forum state. *Tackett*, 334 P.3d at 925 (internal quotations and citations omitted). The Montana Supreme Court "focused on where the events giving rise to the tort claims occurred, rather than where the plaintiffs allegedly experienced or learned of their injuries." *Id.*, at 358; *see also Bi–Lo Foods, Inc. v. Alpine Bank, Clifton,* 955 P.2d 154, 157–59 (Mont. 1998) (that the defendant allegedly took actions which were calculated to have an effect in Montana and caused an injury to a Montana resident in Montana does not establish accrual of an action in Montana). Sliwinski has alleged no facts concerning Ranna that would result in jurisdiction under this provision; the facts claiming he is responsible for his employees' actions, assuming

11

these employees are not in Montana, is insufficient. Ranna must be dismissed, and service will not be ordered.

Accordingly, it is HEREBY ORDERED:

1. Defendants' motion to dismiss is GRANTED. (Doc. 10.) Sliwinski's individual capacity claim against Defendant Gootkin is DISMISSED, as his claim for money damages against Gootkin.

2. Sliwinski's motion for service is GRANTED, in part, and DENIED, in part. (Doc. 13.) By separate Order, the U.S. Marshals will be directed to serve the Amended Complaint on Defendant TextBehind, LLC.

3. At all times, Sliwinski must update the Court on any changes of address. Failure to do so may result in dismissal.

DATED this 14th day of January, 2025.

Donald W. Molloy, District Judge
United States District Court